**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

CHARLES JOHNSON,

        Plaintiff,

v.                             CIVIL ACTION NO.   2:15-cv-16010

WEXFORD HEALTH SOURCES, INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

On December 10, 2015, the plaintiff, Charles Johnson, who is presently incarcerated at the Mount Olive Correctional Complex, filed a Complaint against Wexford Health Sources, Inc. [Docket 1].  I construe the Complaint to allege a breach of contract claim arising out of a settlement agreement entered into by the parties in Case No. 2:09-cv-00901, previously filed in this Court.

**I.    Background**

On November 24, 2009, the plaintiff filed a Complaint under 42 U.S.C. § 1983 against Wexford Health Sources, Inc. and two of its employees ("the Wexford defendants"), as well as several employees of the West Virginia Division of Corrections ("the WVDOC defendants"). [Case No. 2:09-cv-00901, Docket 2].  That Complaint alleged deliberate indifference by the defendants to the plaintiff's serious medical needs concerning a knee injury, a skin condition and an eye problem, in violation of the Eighth Amendment.  [*Id.*]  By way of a Memorandum

Opinion and Order entered on August 25, 2010, I dismissed the claims against the WVDOC defendants; however, the claims against the Wexford defendants remained pending.   [Docket 34].

On January 9, 2012, I granted the plaintiff's Motion for Appointment of Counsel and appointed attorney Michael D. Payne to represent the plaintiff in Case No. 2:09-cv-00901. [Docket 105].   On February 15, 2013, I granted in part and denied in part the Wexford defendants' Motions for Summary Judgment, permitting the case to proceed to trial on the plaintiff's claims concerning his knee injury, but dismissing the plaintiff's claims concerning his skin condition and eye problem for failure to exhaust administrative remedies.   [Docket 149].

Case No. 2:09-cv-00901 was set to go to trial on March 19, 2013.   On the date of trial, the parties informed the court that the matter had been settled.   The parties placed the terms of the settlement agreement on the record, and both parties indicated on the record that an agreement had been reached.   The case was dismissed with prejudice on that same date. [Docket 166].

After the case was dismissed, Mr. Payne filed a Motion to Withdraw as Counsel [Docket 172] and the plaintiff, Charles Johnson filed a *pro se* Motion for Expedited Hearing and Jury Trial [Docket 174].   I denied both of those motions.   [Docket 175].   Then, on June 20, 2013, the Wexford defendants, by new counsel, filed a Motion to Set Aside Settlement [Docket 178] arguing that the settlement in this matter should be set aside because: (1) the settlement violates the procedures of the West Virginia Department of Corrections and the Mount Olive Correctional Complex; and (2) the plaintiff had breached the confidentiality provision of the agreement.

On December 11, 2013, I denied the Motion to Set Aside Settlement (*see* Order [Docket 198]), advising the parties that I did not retain jurisdiction to enforce the settlement, and that the

proper avenue, if any, for relief, was through a breach of contract action.   The plaintiff has now filed the instant civil action alleging breach of contract.

## II.      Standard of Review

A district court must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim.   Fed. R. Civ. P. 12(h)(3); *Duffield v. Memorial Hosp. Ass'n*, 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Medical Ctr*., 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez*, 210 F.3d 389 (10th Cir. 2000) (permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure).

## III.     Discussion

Courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party, and must dismiss the complaint in its entirety when such jurisdiction is lacking.   *Ruhrgas AG v. Marathon Oil Co*., 526 U.S. 574, 583 (1999); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (amount in controversy threshold is a necessary ingredient of subject matter jurisdiction); *CE Design Ltd. v. American Economy Ins. Co.*, 755 F.3d 39, 43 (1st Cir. 2014).

A breach of contract claim is grounded in state law.   Accordingly, because the plaintiff's claim does not involve a federal question, in order to establish subject matter jurisdiction, the plaintiff must demonstrate that there is diversity of citizenship, as required by 28 U.S.C. § 1332, which states in pertinent part:

> (a)   The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive or interest and costs, and is between – (1) citizens of different states . . . .

3

28 U.S.C. § 1332(a)(1).   The burden of establishing federal jurisdiction lies on the party seeking to litigate in federal court.   *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).   When a case is originally filed in federal court, jurisdiction is proper where the parties are diverse "unless it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S.D. W.Va. 1996) (Copenhaver, J.) (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)) (internal quotation marks and alterations omitted); *see also, Wickline v. Dutch Run-Mays Draft, LLC*, 606 F. Supp.2d 633 635 (S.D. W. Va. 2009) (Johnston, J.).

In the instant case, the plaintiff is incarcerated at the Mount Olive Correctional Complex and may be considered a citizen of the State of West Virginia.   Defendant Wexford Health Sources, Inc. is a Pennsylvania corporation.   *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .")   Thus, the plaintiff appears to meet the diversity of citizenship prong of section 1332.

However, the plaintiff's Complaint clearly does not meet the $75,000 threshold in order to satisfy the amount in controversy prong of section 1332.   The amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject of the action. *See Hunt v. Washington State Apple Advertising Comm'n*, 432 US 333, 347-348 (1977).   The "Relief Sought" section of the plaintiff's Complaint clearly indicates that the plaintiff seeks $1,500 in compensatory damages and an additional $5,000 in punitive damages,

along with any filing fees and costs of this litigation.   Such a request falls woefully short of the $75,000 threshold.

Thus, it appears to a legal certainty that the plaintiff's claim is really for an amount less than the jurisdictional amount and that this federal court lacks subject matter jurisdiction over the plaintiff's breach of contract claim.   However, the plaintiff may not be barred from pursuing such relief in the appropriate state court.

## IV.    Conclusion

For the reasons discussed above, I **FIND** that this Court lacks subject matter jurisdiction over the plaintiff's claim.   Accordingly, it is hereby **ORDERED** that the plaintiff's Complaint be **DISMISSED** for lack of subject matter jurisdiction.

The court **DIRECTS** the Clerk to remove this civil action from the docket of the Court and to send a copy of this Memorandum Opinion and Order to the plaintiff.

ENTER:        December 15, 2015

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

5